IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY FLAMINGO BROWN. SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-1036-JDT-cgc |
| | ) | |
| GRADY PERRY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND DIRECTING PLAINTIFF TO PAY THE $400 CIVIL FILING FEE,
ADDRESSING PENDING MOTIONS AND PROHIBITING FILING OF FURTHER
MOTIONS AND DOCUMENTS UNTIL THE FILING FEE IS PAID

On March 6, 2017, Plaintiff Ricky Flamingo Brown, Sr., Tennessee Department of Correction (TDOC) prisoner number 134855, who is currently incarcerated at the Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint concerns events that occurred while Brown was previously incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. The Clerk shall record the Defendants as HCCF Warden Grady Perry, HCCF Assistant Warden Daniel Akers, HCCF Instructor Kenneth Wilkes, Captain Smith,[1] CoreCivic,[2] and Hardeman County.

---

[1] Brown added Captain Smith as a Defendant in an amendment filed on March 15, 2017.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a).[3] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

(ECF No. 4.) He filed a similar amendment on April 13, 2017. (ECF No. 7.)

[2] Brown purports to name CoreCivic Safety, CoreCivic Property and CoreCivic Community as separate Defendants (*see* ECF No. 1 at 1); however, the Court construes all the claims as brought against a single entity known as CoreCivic.

[3] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. That additional $50 fee does not apply if a plaintiff is granted leave to proceed *in forma pauperis*. However, because the Court has now determined that Plaintiff is not entitled to pauper status, he is liable for the entire $400 fee.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed more than three previous civil rights lawsuits while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[4] Therefore, Plaintiff may not proceed *in forma pauperis* in any civil action filed while he is incarcerated unless he demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger must be made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (stating that the injury must be "presently existing" when the plaintiff filed the complaint); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

The complaint in this case is comprised of a form § 1983 complaint (ECF No. 1); a separate "Statement of Complaint" (ECF No. 1-2); a separate affidavit (ECF No. 1-3) with exhibits (ECF No. 1-4); a separate document titled "Requested Damages for Relief" (ECF

---

[4] *See Brown v. Kilburn*, No. 1:96-cv-00158 (M.D. Tenn. Aug. 26, 1997) (dismissed as frivolous); *Brown v. Carpenter*, No. 2:95-cv-02260-JPM (W.D. Tenn. May 9, 1995) (dismissed as frivolous); *Brown v. Bradley*, No. 1:93-cv-00111 (M.D. Tenn. Feb. 12, 1994) (dismissed as frivolous); *Brown v. Westbrooks*, No. 1:93-cv-00198 (M.D. Tenn. Dec. 30, 1993) (dismissed as frivolous); and *Brown v. Breslin*, No. 3:91-cv-00619 (M.D. Tenn. Mar. 18, 1992) (dismissed as frivolous).

No. 1-5) with exhibits (ECF No. 1-6); two documents titled "Amendment to Original Complaint" (ECF Nos. 1-7 & 1-8); and numerous additional exhibits (ECF No. 1-1). However, all of the claims raised in Brown's complaint concern events that occurred during his previous incarceration at the HCCF. For purposes of determining imminent danger, the Court summarizes those allegations as follows. Brown alleges that in December 2016, he was exposed to poor conditions of confinement including unsanitary conditions, was injured by excessive force, was denied access to the courts, was assigned to segregation without due process, was retaliated against, and was endangered by a failure to supervise. (*See* ECF Nos 1, 1-2, 1-7, & 1-8.) On October 4, 2017, Brown filed a motion to amend in which he appears to further challenge his disciplinary proceeding and the outcome of his state-court appeal thereof as a violation of due process. (ECF No. 9.) That motion is GRANTED.

Although Brown asserts in his complaint that he was in imminent danger at the HCCF, at the time that he actually filed the complaint in March 2017 he already had been transferred from the HCCF to the RMSI. (*See* ECF No. 1 at 1.) Brown does not allege that he continued to be in imminent danger at the RMSI as a result of any events that had previously occurred at the HCCF. Likewise, the October 2017 amendment alleging a further violation of due process in connection with his disciplinary proceeding contains nothing to suggest he was in imminent danger at the time it was filed. Thus Brown has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint" or his amended complaint. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488,

4

492-93 (6th Cir. 2012). Because neither the original complaint nor the amendment comes within the exception to 28 U.S.C. § 1915(g), the Court cannot consider Brown's claims on the merits unless he first tenders the civil filing fee. Therefore, the motion to proceed *in forma pauperis* is DENIED pursuant to § 1915(g).

Brown is ORDERED to remit the entire $400 civil filing fee within thirty (30) days after the date of this order. Failure to do so will result in the assessment of the filing fee from Brown's inmate trust account without regard to the installment procedures and dismissal of this action for failure to prosecute. *Alea*, 286 F.3d at 381-82.

Brown filed a motion for appointment of counsel on March 15, 2017. (ECF No. 5.) At this stage of the proceeding, that motion is premature and is DENIED. Likewise, his motion for production of medical records (ECF No. 6) and motion to hold a scheduling conference (ECF No. 8) are premature and are DENIED. Brown is hereby PROHIBITED from filing any further motions or documents in this case until the full filing fee of $400 is paid. The Clerk is directed not to accept for filing any further motions or documents from Brown in this case until the full filing fee is received.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE